**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE HASSETT, | : Civil Action No. 08-559 (NLH) |
| Plaintiff, | : |
| v. | : |
| CORRECTIONAL MEDICAL SERVICES and OKETOKUN ADEFOLAJU, M.D., | : |
| Defendants. | : **O P I N I O N** |

APPEARANCES:

    GEORGE HASSETT, Plaintiff pro se
    SBI# 162500
    James T. Vaughn Correctional Center
    1181 Paddock Road
    Smyrna, Delaware 19977

**HILLMAN**, District Judge

    Plaintiff George Hassett ("Hassett"), an inmate currently confined at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this Complaint alleging violations of his constitutional rights. Now before the Court is Hassett's Motion to File a First Amended Complaint. (D.I. 10.) The Court will grant the motion. The Court previously screened Hassett's Complaint and Amended Complaint and allowed him to proceed against Defendants Correctional Medical Services ("CMS") and Dr. Oketukun Adefolaju ("Dr. Adefolaju"). (D.I. 9.)

    At this time, the Court will review the First Amended

Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the First Amended Complaint may proceed in part.

I. **Standard of Review**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of

Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d

3

Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. Because Plaintiff proceeds pro se, his pleading is liberally construed and his First Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

II. **Plaintiff's Allegations**

The original Complaint and its Amendment raised medical needs claims against Defendants. The First Amended Complaint adds as parties Assistant Health Services Administrator Jan McLaren ("McLaren"), Delaware Department of Correction Commissioner Carl Danberg ("Danberg") and Bureau of Prisons Chief Rick Kearney ("Kearney"). Hassett alleges that McLaren failed to

investigate and address his heath care concerns, and Kearney denied his medical grievances. Other than to name him as a Defendant, there is no mention of Danberg in the First Amended Complaint.

III. **Discussion**

A. Personal Involvement

Hassett names as a defendant Commissioner Danberg. The First Amended Complaint, however, contains no allegations against him. It may be that Danberg is named as defendant based upon his supervisory position inasmuch as Hassett describes Danberg as "legally responsible for the overall operations of the institution, staff, and health care provided to the inmates confined within the Delaware prison system." (D.I. 10, ¶ III.)

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Additionally, when bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As is well established, supervisory liability cannot be

imposed under § 1983 on a respondeat superior theory. See <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'" <u>Evancho v. Fisher</u>, 423 F.3d 347, 353 (3d Cir. 2005) (quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights. <u>Id.</u>; see <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694-95 (1978). Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff. <u>Sample v. Diecks</u>, 885 F.2d 1099, 1117-118 (3d Cir. 1989); <u>see also</u> <u>City of Canton v. Harris</u>, 489 U.S. 378 (1989); <u>Heggenmiller v. Edna Mahan Corr. Inst. for Women</u>, 128 Fed. Appx. 240 (3d Cir. 2005).

In the present case, Hassett does not associate any of his allegations with Danberg. Nor are there allegations that Danberg was personally involved or had any supervisory liability for the alleged constitutional deprivations. Therefore, the Court will dismiss the claims against Danberg as frivolous pursuant to 28

6

U.S.C. § 1915A(b)(1).

   B. <u>Grievances</u>

Hassett alleges that Kearney denied his final medical grievance appeal (apparently seeking outside medical care) and later covered up his paper trail by sending Hassett a copy of the same grievances marked "resolved." Hassett ultimately underwent a lung biopsy.

The filing of a prison grievance is a constitutionally protected activity. <u>Robinson v. Taylor</u>, 204 Fed. Appx. 155 (3d Cir. 2006). Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances. <u>Booth v. King</u>, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). This is because inmates do not have a constitutionally protected right to a grievance procedure. <u>Burnside v. Moser</u>, 138 Fed. Appx. 414, 416 (3d Cir. 2005)(citations omitted)(failure of prison officials to process administrative grievance did not amount to a constitutional violation). Nor does the existence of a grievance procedure confer prison inmates with any substantive constitutional rights. <u>Hoover v. Watson</u>, 886 F. Supp. 410, 418-419 (D. Del.), <u>aff'd</u> 74 F.3d 1226 (3d Cir. 1995).

Hassett cannot maintain a constitutional claim against Kearney based upon his perception that his grievance was not

properly processed, investigated, the grievance process is inadequate, or that his grievance was denied. Therefore, the Court will dismiss the claim against Kearney as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

IV. Conclusion

The court will dismiss all claims against Danberg and Hassett pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Hassett will be allowed to proceed against the remaining Defendants on the medical needs claim. An appropriate Order accompanies this Opinion.

/s/ Noel L. Hillman
**NOEL L. HILLMAN**
United States District Judge

Dated: November 12, 2008
At Camden, New Jersey